IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL NORTON,** | : | Civil No. 1:15-cv-1690 |
| Petitioner, | : | |
| v. | : | |
| **SUPERINTENDENT, USP-LEWISBURG,** | : | |
| Respondent. | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Darnell Norton ("Norton"), a prisoner confined at the United States Penitentiary Lewisburg ("USP-Lewisburg").[1] A response to the petition was filed on October 14, 2015. No reply has been filed.

## I. Discussion

Norton claims that his due process rights were violated during four separate disciplinary proceedings that took place at the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute"): (1) Incident Report 2596782, charging him with a Code 110 violation for refusing to provide a breath test; (2) Incident Report 2596783, charging him with a Code 113 violation for possession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia not prescribed for

---

[1] This action was originally filed in the Southern District of Indiana on December 23, 2014. An amended petition was filed on April 20, 2015. On August 31, 2015, the Indiana court transferred the case to the Middle District of Pennsylvania.

the individual by the medical staff; (3) Incident Report 2596779, charging him with a Code 108 violation for possession of a portable telephone; and (4) Incident Report 2511615, charging him with violations of Code 104, possession, manufacture, or introduction of a weapon; Code 115, destroying or disposing of any item during a search or an attempt to search; Code 307, refusing to obey an order; and Code 316, being in an unauthorized area without staff authorization.

Respondent argues that the court should dismiss Norton's petition because challenging multiple administrative decisions in a single habeas corpus action constitutes an abuse of the judicial system and violates habeas corpus rules. Alternatively, Respondent argues that the court should dismiss the petition in part because Norton procedurally defaulted his claim concerning Incident Report 2596779 by failing to properly exhaust his administrative remedies. Finally, Respondent argues that the petition should be denied on the merits.

The court will deny the claims on their merits. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set forth the requirements that must be met to ensure that prison disciplinary hearings satisfy the minimum requirements of due process. They are as follows: (1) the inmate must receive at least 24 hours written notice of the claimed violations; (2) the inmate must receive a "written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken"; (3) the inmate must "be allowed to call witnesses and present

2

documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (4) the inmate must be allowed "to seek the aid of a fellow inmate" or "aid in the form of help from a staff" member; and (5) the hearings must be impartial. *Id*. at 564-71.

Respondent has diligently reviewed the four disciplinary hearings and his explanation as to why each hearing met the *Wolff* requirements are supported by the record. The court will adopt the Respondent's recitation of the factual history and his analysis.

An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: July 25, 2018